IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM PARKER<br>16065 Olmstead Lane<br>Woodbridge, VA 22101<br><br>        **Plaintiff,**<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION, d/b/a AMTRAK<br>60 Massachusetts Avenue, N.E.<br>Washington, DC 20002<br><br>        **Defendant.** | Case No.  1:14-cv-1634 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant National Railroad Passenger Corporation ("Amtrak") hereby removes the above-captioned action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.   In support of its Notice of Removal, Amtrak states as follows:

1.	On September 10, 2014, Plaintiff William Parker ("Plaintiff") filed a civil action in the Superior Court of the District of Columbia captioned *William Parker v. National Railroad Passenger Corporation, d/b/a Amtrak*, Civil Action No. 2014 CA 005688 B.

2.	Through his lawsuit, Plaintiff asserts claims against Amtrak for violation of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 1401.01, *et seq.* and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981").

*3.*	Under 28 U.S.C. §§ 1331 and 1349, this Court possesses original federal question jurisdiction over this action because, as set forth in 49 U.S.C. §§ 24101, *et seq.*, Amtrak is a federally-chartered stock corporation and the United States owns more than one-half of Amtrak's

capital stock. *See, e.g.*, *Vasquez v. N. Cnty. Transit Dist.*, 292 F.3d 1049, 1060 (9th Cir. 2002) ("The [district] court had original jurisdiction over the subject matter of the litigation because the action involves Amtrak and the United States owns a majority of the capital stock of Amtrak."); *Hollus v. Amtrak Ne. Corridor*, 937 F. Supp. 1110, 1113 (D.N.J. 1996), *aff'd*, 118 F.3d 1575 (3d Cir. 1997) ("Because a majority of the capital stock of Amtrak is owned by the United States, the federal courts have subject matter jurisdiction over any action involving Amtrak.").

4. Alternatively, the Court has a separate and independent basis to exercise subject matter jurisdiction over this action because Plaintiff's Complaint asserts a claim arising under federal law.  Plaintiff alleges, in part, that Amtrak violated 42 U.S.C. § 1981 by "deny[ing] Plaintiff equal terms and conditions of employment, and subject[ing] him to termination, all based upon his race and color."  Compl. ¶ 36.  Plaintiff's claim under Section 1981 triggers original federal question jurisdiction over this action.  *See* 28 U.S.C. § 1441(a). And because the facts giving rise to Plaintiff's DCHRA claim are the same facts underlying his Section 1981 claim, Plaintiff's DCHRA claim is properly subject to supplemental jurisdiction as "so related to" his Section 1981 claim that it "form[s] part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a); *see also Chandamuri v. Georgetown Univ.*, 274 F. Supp. 2d 71, 77 (D.D.C. 2003).

5. Fewer than thirty (30) days have elapsed since the Summons and Complaint were served upon and received by Amtrak on September 10, 2014.  Accordingly, Defendants have timely filed this Notice of Removal under 28 U.S.C. § 1446(b).  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that 30-day removal period begins to run on date of service).

6. Since the filing of Plaintiff's Complaint, no proceedings have been held in the Superior Court of the District of Columbia.  The Summons and Complaint, and the Superior

Court's Initial Order and Addendum—copies of which are attached as **Exhibit A**—constitute the entirety of the process, pleadings, and orders received by Amtrak in this case to date.  *See* 28 U.S.C. § 1447(b).

7. Venue is proper in the U.S. District Court for the District of Columbia because this action was originally filed in the Superior Court of the District of Columbia.  *See* 28 U.S.C. § 1441(a).

8. Pursuant to 28 U.S.C. § 1446(a), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the District of Columbia.

WHEREFORE, pursuant to 28 U.S.C. § 1441(a) and in conformity with the requirements set forth in 28 U.S.C. § 1446, Amtrak hereby removes this action from the Superior Court of the District of Columbia to the U.S. District Court for the District of Columbia.

Dated:  September 30, 2014

Respectfully submitted,

_____/s/ Matthew J. Sharbaugh_____
Andrew G. Sakallaris (D.C. Bar No. 983166)
asakallaris@morganlewis.com
Matthew J. Sharbaugh (D.C. Bar No. 1009614)
msharbaugh@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel:    (202) 739-3000
Fax:    (202) 739-3001

*Counsel for Defendant
National Passenger Railroad Corporation*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of September 2014, a true and correct copy of the foregoing **NOTICE OF REMOVAL** has been served to the parties listed below via first-class mail:

>James R. Klimaski
>John P. Racin
>KLIMASKI & ASSOCIATES, P.C.
>1625 Massachusetts Avenue, N.W.
>Suite 500
>Washington, D.C. 20036
>202.296.5600
>
>*Attorneys for Plaintiff*
>*William Parker*

/s/ Matthew J. Sharbaugh
Matthew J. Sharbaugh, Esq.